The Stipulation was approved by this Court on August 25, 2017, and this adversary proceeding was subsequently closed on September 12, 2017.
Over sixteen months later, and over a year past the sale-by date of the Stipulation, the Debtor filed his Motion to Enforce Stipulation Agreement (ECF No. 59), which is the subject of this Memorandum Order.
The crux of the Debtor's argument is that in his view the parties agreed in the Stipulation that the original principal balance of the loan was $ 51,200, but now U.S. Bank is averring that the original balance was $ 511,200. Thus, the Debtor argues that U.S. Bank is in breach of the Stipulation because the creditor claims it is owed hundreds of thousands of dollars. Specifically, Debtor now seeks to enforce paragraph 1 of the Stipulation which reads as follows: "On December 8, 2005, Debtor borrowed the original principal amount of $ 51,200.00 from SouthStar Funding, LLC ('SouthStar ')." See Motion to Enforce at ¶¶ 3-4 (emphasis omitted).
In their response, U.S. Bank argues that the "$ 51,200" figure referenced by the Debtor was a drafting error (or an "Immaterial Error"). See Opposition to Motion to Enforce Stipulation ("Opposition"), ECF No. 66 at pg. 3, ¶ 8.[4] That error being the omission of a "1" from the correct $ 511,200 figure, to read instead "$ 51,200." Moreover, U.S. Bank argues that the Immaterial Error, which was included in the recitals of the Stipulation only, has no effect because:
(1) the mis-statement of the Original Principal Amount was not any part of consideration for, nor a condition to, the Stipulation; (2) the Original Principal Amount is a matter of public record and was never disputed; and (3) [a Loan Modification Agreement] modified the principal amount in November 2011 making the Original Principal Amount irrelevant.
See Opposition at pg. 4, ¶ 5.
A hearing was held on the Motion to Enforce on February 21, 2019. The Court instructed that the parties each submit a supplemental brief addressing whether recitals/background information are an enforceable part of a contract. See Transcript of [59] Motion to Enforce Stipulation Agreement Filed by Plaintiff Status Conference, and [158] Motion to Invoke Judicial Estoppel Against U.S. Bank et al. and the Debtor Invokes Equitable Estoppel Filed by Plaintiff (the "Feb. 21, 2019 Tr."), 17-7008-JAD, ECF No. 69. The parties have made their respective supplemental filings and this matter is ripe for decision.
i. The Misstatement of the Original Principal Balance is Not Binding
A consensual stipulation between litigants is interpreted according to general *509 principals of contract construction. See USX Corp. v. The Penn Cent. Corp., 130 F.3d 562, 566 (3d Cir. 1997) (citation omitted). Here, the question is whether the alleged misstatement of the original loan balance is binding on the parties.
The structure of the Stipulation is important to this analysis. The Stipulation itself contains an introductory paragraph and "Background" section of numbered paragraphs, followed by a "Therefore" clause. The "Therefore" clause reads as follows:
NOW THEREFORE, the Parties hereby stipulate and agree as follows:
A. Debtor shall have until December 15, 2017, to sell the Property;
B. Creditor will stay all proceedings as to the Property through December 15, 2017;
C. The Adversary is hereby marked discontinued with prejudice;
D. Creditor's Stay Relief Motion is withdrawn and the hearing scheduled for August 25, 2017 is cancelled;
E. If Debtor sells the Property, the sale proceeds will be used to pay the Loan in full; and
F. In the event Debtor does not sell the Property on or before December 15, 2017, Creditor shall automatically and without further action by any Party or the Court, have relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to enforce its state court remedies, and the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3) shall be waived.
See Stipulation at pg. 3.
The recital at issue-that "[o]n December 8, 2005, Debtor borrowed the original principal amount of $ 51,200.00"-appears solely in the "Background" portion of the Stipulation.
Ordinarily, "[r]ecitals in a contract, such as 'whereas" clauses, are merely explanations of the circumstances surrounding the execution of the contract, and are not binding obligations unless referred to in the operative provisions of the contract." Mozdzierz v. Accenture, LLP, Civil Action No. 06-3877, 2010 WL 4273323 at *6, 2010 U.S. Dist. LEXIS 115527 at *19 (E.D. Pa. 2010) (citing 17A C.J.S. Contracts § 317 (2010) ). As such, recitals to a contract will not control the operative clauses of that contract unless the operative clauses are themselves ambiguous. See Schaffran v. Mt. Vernon-Woodberry Mills, Inc., 70 F.2d 963, 965 (3d Cir. 1934) ("We are aware of the general rule that, 'If the recitals (in a contract) are clear and the operative part is ambiguous, the recitals govern the construction. If the recitals are ambiguous, and the operative part is clear, the operative part must prevail." (citation omitted) ); see also Nelson Dairies. Inc. v. Royal, 6 Pa. D. 8s C.2d 371, 373 (Pa. Com. Pl. 1956)(observing the general rule that "recitals in a contract will not control the operative clauses thereof unless the latter are ambiguous.... In other words, recitals ... cannot control the clearly expressed stipulations of the parties; and where the recitals are broader than the contract stipulations, the former will not extend the latter." (citation omitted) ).
In advancing his Motion to Enforce, the Debtor does not argue that any ambiguity exists in the operative part of the Stipulation-i.e. the portion of the Stipulation preluded by the statement "the Parties hereby stipulate and agree as follows[,]"-which would require this Court to look to the recitals for clarification. In the absence of any averment of ambiguity, the Debtor has failed to show that the *510 recitals/background information control and that he is entitled to relief.[5]
ii. The Loan Modification Agreement Moots Debtor's Argument
Moreover, even if this Court were to find that the recital of the original principal amount of the loan being mistaken as $ 51,200.00 was binding on the parties, such recital would have no net effect as the Stipulation further recognizes in the "Background" section that the loan was modified by Loan Modification Agreement on November 29, 2011. See Stipulation at ¶ 8.
With respect to the $ 51,200 figure that the Debtor relies upon, the Stipulation does not state that $ 51,200 is the current loan amount-it solely states that $ 51,200 was the original principal amount of the loan between the Debtor and SouthStar Funding, LLC. The Stipulation then goes on to state that "[o]n November 29, 2011, the loan was modified by way of a Loan Modification Agreement." See Stipulation at ¶ 8.
Affording the same weight to this "Loan Modification averment" as it would to the "Original Principal Balance averment," it appears to this Court that regardless of whether or not the Stipulation modified the original principal balance from $ 511,200 to $ 51,200, such adjustment would be irrelevant because the loan was modified from its original terms-which would include the original principal amount-by the Loan Modification Agreement. See Objection, at pg. 2, ¶ 2 (referencing the Loan Modification Agreement docketed at 17-70045-JAD, ECF No. 13, pgs. 30-39.) Thus, the terms of the Loan Modification Agreement would control.
The Court notes that a Loan Modification Agreement dated November 29, 2011 was attached as part of Exhibit "A" to U.S. Bank's Motion for Relief from Stay. This Loan Modification Agreement establishes a "New Principal Balance" of $ 663,416.47, with a "Deferred Principal Balance" of $ 245,416.47, and an "Interest Bearing Principal Balance" of $ 418,000.00. See Motion for Relief from Stay, Ex. A at pgs. 30-31.
The Debtor in his Supplemental Motion to Enforce Stipulation Agreement ("Supplement," ECF No. 72) argues that the Loan Modification Agreement is irrelevant because it was "pre-contractual conduct" (i.e. pre-Stipulation). See Supplement at ¶ 11. The Debtor then argues that to disregard a single recital (i.e. the recital listing the original principal balance at $ 51,200) would require all recitals to "have no real meaning." See Supplement at ¶¶ 15-16. However, that is exactly what the Debtor asks this Court to do-he asks this Court to disregard the recital acknowledging that the original principal balance, whatever the amount, was modified by the Loan Modification Agreement. Again, the Stipulation does not state that the original principal balance "is" or "is modified to," it states that $ 51,200 was the original principal balance borrowed by the Debtor on *511 December 8, 2005, which was subsequently modified by agreement. See Stipulation at ¶¶ 1 & 8.
Accordingly, even if this Court were to find that the recitals are binding on the parties-which it does not-the Court would still deny the Debtor's Motion to Enforce.
Based on the foregoing, the Court HEREBY ORDERS, ADJUDGES, AND DECREES that the Debtor's Motion to Enforce Stipulation Agreement (ECF No. 59) is DENIED. An Order consistent with this Memorandum Opinion shall be entered.

The numbering of paragraphs in the Opposition to Motion to Enforce Stipulation is irregular. The Opposition includes four sections (I through IV). Under "I. Introduction" the paragraphs are numbered 1 through 3. Under "II. Facts" the numbering of paragraphs is restarted at 1 and continues through 10, after 10 the numbering restarts at 4 and continues through 13. "III. Argument" picks up at 14 and continues through 21. Accordingly, references to the Opposition will contain both page and paragraph numbers.

Although it is not the role of this Court to make arguments for the parties, the Court notes that ¶ E of the operative part of the Stipulation reads: "If Debtor sells the Property, the sale proceeds will be used to pay the Loan in full[.]" As set forth in footnote 3, "Loan" is a term defined in the recitals to include the "Note" which evidences the loan of monies from SouthStar Funding, LLC to Debtor. While ¶ E indirectly references the loan identified in ¶ 1 (i.e. the recital subject of the Debtor's motion) the Court finds this reference insufficient to create an ambiguity since, as discussed more fully in the remainder of this Memorandum Order , (i) nothing in the Stipulation purports to establish the current amount due on the loan and (ii) the loan was modified from its original terms by the Loan Modification Agreement identified in ¶ 8 of the Stipulation.